### Joseph G. Farr v. Betsey Sherman.

It is not essential to the validity of a deed by a married woman of lands owned by her at the time the act of 1855—Comp. L. p. 966—was passed, that her husband.shall join in or assent to the deed.

*Heard November 4th. Decided November 18th.*

Case made from Oakland Circuit.

Farr brought ejectment against Sherman, to recover lands which she had owned prior to 1855, and which, by deed bearing date in June of that year, she had conveyed to one Parish, through whom Farr claimed title. The defendant at the date of this deed was the wife of Samuel Sherman, since deceased, to whom she was married in 1843, and who did not consent to or have knowledge of this deed to Parish. The Circuit Court held the deed so given without the husband's assent to be void, and rendered judgment for defendant.

*M. L. Drake*, for plaintiff.
*I. H. Parish*, for defendant.

MARTIN CH. J.:

The land in question being the property of the defendant at the time of the conveyance by her to Parish, she

had power, under the act of 1855, to sell and convey it "in like manner and with the like effect as if she were unmarried." The obvious intention of the act of 1855 was to give to a *feme covert* the same control over and power of alienation of her property as she would have if a *feme sole;* and the husband's assent is no longer necessary to render valid a conveyance by her of her separate estate, as against herself. Whether the husband, if living with her, or surviving her, may not have rights adverse to the claim of her vendee to possession, and superior to that claim during the life of such husband, is a question not involved in this case; certainly no one but the husband can dispute the plaintiff's claim or title; and as the husband is dead, the right of the plaintiff to the possession is perfect.

The judgment should be reversed, and a judgment rendered for the plaintiff.

The other Justices concurred.